UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARLOS BARO TORRIENT,         ) | |
|                   Petitioner,         ) | |
| v.         ) | CIVIL ACTION NO: |
|          ) | 05-11772-NMG |
| UNITED STATES OF AMERICA,         ) | |
| IMMIGRATION AND         ) | |
| NATURALIZATION, ICE,         ) | |
| FMC DEVENS WARDEN DAVID         ) | |
| WINN,         ) | |
|                   Respondents.         ) | |

**RESPONDENTS' MOTION FOR AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING UNTIL NOVEMBER 16, 2005**

The Respondents, through undersigned counsel, hereby request an extension to file a responsive pleading in this matter and provide the following status report regarding Petitioner's custody.

By way of background, the instant claim is filed by the Petitioner, a Mariel-Cuban,[1] seeking release from detention pursuant to the decisions of the United States Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001), and Clark v. Suarez-Martinez, 125 S.Ct. 716 (2005).

---

[1] In 1980, approximately 120,000 Cubans left the Mariel harbor in Cuba and crossed to the United States by boat. See, e.g., Rosales-Garcia v. Holland, 322 F.3d 386, 390-91 (6th Cir. 2003). The INS detained the aliens at the border and decided to exclude them from entry into the United States. After this initial detention, Petitioner, like other Mariel Cubans, was granted conditional parole into the United States and released by the INS under § 212(d)(5) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(d)(5)(A), which authorizes the Attorney General in his discretion to parole into the United States any alien who is applying for admission to the United States.
    This parole is not to be "regarded as an admission," 8 U.S.C. § 1182(d)(5)(A), and Petitioner is "legally considered to be detained at the border and hence as never having effected entry into this country." Sierra v. INS, 258 F.3d 1213, 1218 (10th Cir. 2001). Petitioner does not challenge this status.

In those cases, the Court held that 8 U.S.C. § 1231(a)(6) (authorizing detention of removable aliens), authorized detention for only so long as it was likely that removal could be effected in the reasonably foreseeable future (instituting a presumption that detention was authorized for six months).

In the instant claim, it is undisputed that the Petitioner's removal to Cuba is not likely in the reasonably foreseeable future and that Petitioner has been detained in excess of six months. As such, Respondents have, and continue to undertake, efforts to secure the release of Petitioner from custody.

Petitioner suffers from a condition[2] which would require a custodian, to provide a certain level of care and insure that conditions of treatment are met. Respondents had arranged for Lucy Wright, Petitioner's step-grandmother, to take custody of Petitioner in Pensacola, Florida, and arrangements were made for Petitioner to receive outpatient treatment at a facility in Pensacola. Compliance with the medical recommendations was made an express condition of his release.[3]

Counsel is informed that the Petitioner was scheduled to be released on October 4, 2005. On the date of scheduled release, however, the Petitioner's relative refused to accept Petitioner, citing her advanced age.

An extension was previously granted through November 2, 2005. During that extension,

---

[2]The Respondents would supplement this filing, under seal, with additional information as to said condition if deemed appropriate by this Court.

[3]See, Clark, 125 S.Ct. at 728 ("[A]ny alien released as a result of today's holding remains subject to the conditions of supervised release . . . And, if he fails to comply with the conditions of release, he will be subject to criminal penalties-including further detention.") (citations omitted) (O'Connor, J., concurring).

2

Respondents have made arrangements for the Petitioner to be released from immigration custody to a halfway house in Brooklyn, New York. It is anticipated that the arrangements could be completed this week.

Respondents continue efforts to secure Petitioner's release and request the above noted extension to attempt to secure a release to an appropriate custodian without the need for further Court action on this Petition.

> Respectfully submitted,
>
> MICHAEL J. SULLIVAN
> United States Attorney
>
> /s/ Mark J. Grady
> MARK J. GRADY
> Assistant U.S. Attorney
> U.S. Attorney's Office
> John Joseph Moakley U.S. Courthouse
> 1 Courthouse Way, Suite 9200
> Boston, MA  02210
> Tel. No. (617) 748-3136

**Certificate of Compliance**

The United States takes the position that local rule 7.1 requires "counsel" to confer. As the Petitioner is pro se, the rule is inapposite. Alternatively, the United States requests leave to file the instant motion without a conference.

> /s/ Mark J. Grady
> MARK J. GRADY

**Certificate of Service**

I hereby certify that I served a copy of the foregoing motion on the Petitioner, Carlos Baro-Torrient, Suffolk County House of Correction, 20 Bradston Street, Boston, MA 02118, by mail this 1st day of November 2005.

> /s/ Mark J. Grady
> MARK J. GRADY