UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARLOS BARO TORRIENT,          )<br>                                                      )<br>            Petitioner,                        )<br>                                                      )<br>v.                                                    )<br>                                                      )<br>                                                      )<br>UNITED STATES OF AMERICA, )<br>IMMIGRATION AND                  )<br>NATURALIZATION, ICE,            )<br>FMC DEVENS WARDEN DAVID )<br>WINN,                                           )<br>            Respondents.                  ) | CIVIL ACTION NO:<br>05-11772-NMG |

**NOTICE OF PETITIONER'S RELEASE FROM IMMIGRATION CUSTODY**

The Respondents hereby provide notice that the Petitioner, Carlos Baro-Torrient, was released from immigration custody on an order of supervised release on November 9, 2005. See Exhibit 1, Order of Release.

The instant claim was filed by the Petitioner, a Mariel-Cuban,[1] seeking release from detention pursuant to the decisions of the United States Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001), and Clark v. Suarez-Martinez, 125 S.Ct. 716 (2005). In those cases, the

---

[1] In 1980, approximately 120,000 Cubans left the Mariel harbor in Cuba and crossed to the United States by boat. See, e.g., Rosales-Garcia v. Holland, 322 F.3d 386, 390-91 (6th Cir. 2003). The INS detained the aliens at the border and decided to exclude them from entry into the United States. After this initial detention, Petitioner, like other Mariel Cubans, was granted conditional parole into the United States and released by the INS under § 212(d)(5) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(d)(5)(A), which authorizes the Attorney General in his discretion to parole into the United States any alien who is applying for admission to the United States.

This parole is not to be "regarded as an admission," 8 U.S.C. § 1182(d)(5)(A), and Petitioner is "legally considered to be detained at the border and hence as never having effected entry into this country." Sierra v. INS, 258 F.3d 1213, 1218 (10th Cir. 2001). Petitioner does not challenge this status.

Court held that 8 U.S.C. § 1231(a)(6) (authorizing detention of removable aliens), authorized detention for only so long as it was likely that removal could be effected in the reasonably foreseeable future (instituting a presumption that detention was authorized for six months).

 As the Petitioner sought solely release from immigration custody pending the scheduling of his removal, Respondents would suggest that the matter is now moot and should be dismissed. The Respondent will provide further briefing as to this issue if deemed appropriate by this Court.

                Respectfully submitted,

                MICHAEL J. SULLIVAN
                United States Attorney

                /s/ Mark J. Grady
                MARK J. GRADY
                Assistant U.S. Attorney
                U.S. Attorney's Office
                John Joseph Moakley U.S. Courthouse
                1 Courthouse Way, Suite 9200
                Boston, MA   02210
                Tel. No. (617) 748-3136

**Certificate of Service**

 I hereby certify that I served a copy of the foregoing motion on the Petitioner, Carlos Baro-Torrient, c/o Young's Residence, 774 Bushwick Avenue, Brooklyn, NY 11221, by mail this 15th day of November 2005.

                /s/ Mark J. Grady
                MARK J. GRADY

I ACKNOWLEDGE RECEIPT OF
THIS NOTICE *Carlos Baro Torrient*
(DATE) NOV 9 2005

NOV 9 2005

Office of Detention and Removal Operations
U.S. Department of Homeland Security
801 I Street, NW
Washington, DC 20536

**U.S. Immigration and Customs Enforcement**

Carlos BARO-Toriente
C/O DHS/ICE
John F. Kennedy Federal Building
Government Center, 17th Floor
Boston, MA 02203

A22 771 872

## Release Notification

Upon review of your case, U.S. Immigration and Customs Enforcement (ICE) has concluded that you may be released from ICE custody pending your removal from the United States. This release does not affect your removal order and does not constitute an admission to the United States.

Your release will be subject to certain written conditions that will be provided to you shortly on the Order of Supervision and Addendum to the Order of Supervision forms, and by which you must abide. Arrangements have been made for you to reside at the Young's Residence in Brooklyn, New York (NY). You are required to comply with residential placement rules and regulations. You are required to comply with Outpatient Co-occurring Disorder Treatment. Upon your release from ICE custody, you will be scheduled for an initial intake appointment at Bridge to Life, an outpatient mental health facility, in Brooklyn, NY. A violation of one or more of these conditions, or of any local, state or federal law may result in your being taken back into custody and any bond that you may have posted being forfeited. Your release from custody is also conditioned upon your maintaining proper behavior while sponsorship and placement efforts for you are being undertaken.

Prior to your release from custody, an immigration officer may verify the sponsorship or employment offers presented during your review. Please forward any additional information regarding potential sponsoring family members or non-governmental organizations that may be willing to assist you upon release.

It is particularly important that you keep ICE advised of your address at all times. ICE will continue to make efforts to obtain your travel document that will allow the United States government to carry out your removal pursuant to your order of deportation, exclusion, or removal. In addition, you are required by law to continue to make good faith efforts to secure a travel document on your own and provide proof of your efforts to ICE. Once a travel document is obtained, you will be required to surrender to ICE for removal. You will, at that time, be given an opportunity to prepare for an orderly departure.

_Allan Sweeney_ AC/CDU         11-8-05
Signature of HQPDU Director/Designated Representative         Date



(rev. 1/26/05)

Decision of Post Order Custody Review – Release
Carlos BARO-Toriente                                    A22 771 872
Page 2

# PROOF OF SERVICE

(1) Personal Service (Officer to complete both (a) and (b) below.)

(a) I __Francisco Estevez__, __IEA__
      Name of ICE Officer         Title
certify that I served __Carlos Baro Toriente__ with a co[py of]
                         Name of detainee
this document at __S. Bay__ on __11/9/05__, at __4:25 p[m]__
                    Institution      Date          Time

(b) I certify that I served the custodian _____
                                            Name of Official
_____, at _____, on
      Title                   Institution
_____ with a copy of this document.
   Date

## OR

(2) Service by certified mail, return receipt. (Attach copy of receipt)

I _____, _____, certify
     Name of ICE Officer           Title
that I served _____ and the custodian _____
               Name of detainee                      Name of Official
with a copy of this document by certified mail at _____ on _____.
                                                    Institution         Date

( ) cc: Attorney of Record or Designated Representative
( ) cc: A-File

U.S. Department of Homeland Security
Immigration and Customs Enforcement

**Order of Supervision**

File No: A22 771 872
Date: _____

Name: Carlos BARO-Torionte _____

On __September 14, 2000_____, you were ordered:
    (Date of final order)

[ ] Excluded or deported pursuant to proceedings commenced prior to April 1, 1997.
[X] Removed pursuant to proceedings commenced on or after April 1, 1997.

Because the Service has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions:

[X] That you appear in person at the time and place specified, upon each and every request of the Service, for identification and for deportation or removal.

[X] That upon request of the Service, you appear for medical or psychiatric examination at the expense of the United States Government.

[X] That you provide information under oath about your nationality, circumstances, habits, associations, and activities and such other information as the Service considers appropriate.

[X] That you do not travel outside _____ the States of Massachusetts and New York _____ for more than 48 hours without first having notified this Service office of the dates and places of such proposed travel.

[X] That you furnish written notice to this Service office of any change of residence or employment within 48 hours of such change.

[X] That you report in person on the __AS DIRECTED BY YOUR DEPORTATION OFFICER__ to this Service office at: (Deportation Section) 26 Federal Plaza in New York, NY 10278 (212)264-3972 unless you are granted written permission to report on another date.

[X] That you assist the Immigration and Customs Enforcement in obtaining any necessary travel documents.

[ ] Other: ___

[X] See attached sheet containing other specified conditions (Continue on separate sheet if required)

_____
(Signature of ICE official)

Beth Sansone  Deportation Officer
(Print name and title of ICE official)

---

**Alien's Acknowledgment of Conditions of Release under an Order of Supervision**

I hereby acknowledge that I have (read) (had interpreted and explained to me in the English/SPANISH language) the contents of this order, a copy of which has been given to me. I understand that failure to comply with the terms of this order may subject me to a fine, detention, or prosecution.

_____        _____        NOV 9 2005
(Signature of INS official serving order)    (Signature of alien)                      Date

Form I-220

U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement

**Order of Supervision Addendum**

File No: A22 771 872
Date: _____

Name: ___Carlos BARO-Toriente_____

[X] That you do not associate with criminals or members of a gang that is known to be involved in criminal activity.

[ ] That you register in a substance abuse program within 14 days and provide Immigration and Customs Enforcement (ICE) with written proof of such within 30 days. The proof must include the name, address, duration, and objectives of the program as well as the name of a program counselor.

[ ] That you register in a sexual deviancy counseling program within 14 days and provide ICE with written proof of such within 30 days. You must provide ICE with the name of the program, the address of the program, the duration and objectives of the program, and the name of a program counselor.

[ ] That you register as a sex offender, if applicable, within 7 days of being released, with the appropriate agency/agencies and provide ICE with written proof of such registration within 10 days.

[X] That you do not commit any crimes or be associated with any criminal activity while on this Order of Supervision.

[ ] That you report to a parole or probation officer as required within 5 business days and provide ICE with written verification of the officer's name, address, telephone number, and reporting requirements.

[ ] You must follow all reporting and supervision requirements as mandated by the parole or probation officer.

[X] That you continue to follow any prescribed doctor's orders whether medical or psychological, including taking prescribed medications.

[X] That you make good faith and timely efforts to obtain a travel document and assist ICE in obtaining a travel document.

[ ] That you submit a complete application for a travel document to all appropriate Embassies or Consulates, including those representing the countries of _____. You must present ICE with evidence that each Embassy or Consulate to which you apply has received your request and all required documents. This may be done, for example, by mailing your application(s) with a request for return receipt and providing the signed return receipt to ICE, by obtaining a tracking number when you mail your application(s) and providing the number to ICE, or by submitting written confirmation of receipt issued by the Embassy or Consulate.

[ ] That you submit your application(s) for a travel document to all appropriate Embassies or Consulates and provide proof of receipt to ICE on or before _____.

[ ] That you provide ICE a copy of your application(s) for a travel document that you submit to any Embassy or Consulate, including all supporting documents, photos, and other items provided to the Embassy or Consulate to support your application(s).

nationality and/or citizenship or elsewhere, and your past residences, schools attended, etc.

[X] You will participate in a supervised release program, as described in the attached document. You will comply with the rules and requirements of this program, and cooperate with its administrators.

> I agree to comply with the rules, requirements, and administrators in the supervised release program described in the attached document.
>
> Alien's signature x _Carlos Bais Torriente_   Date _9 November 2005_

[X] Other: Arrangements have been made for you to reside at the Young's Residence in Brooklyn, New York (NY). You are required to comply with residential placement rules and regulations. You are required to comply with Outpatient Co-occurring Disorder Treatment. Upon your release from ICE custody, you will be scheduled for an initial intake appointment at Bridge to Life, an outpatient mental health facility, in Brooklyn, NY. Upon completion of the appointment at Bridge to Life, you are required to comply with recommended treatment plans.

Any violation of any of the above conditions may result in a fine, more restrictive release conditions, return to detention, criminal prosecution, and/or revocation of your employment authorization document.

---

### Alien's Acknowledgement of Conditions of Release under an Order of Supervision

I hereby acknowledge that I have (read) (had interpreted and explained to me in the _____ language) the contents of this order and addendum, a copy of which has been given to me. I understand that failure to comply with the terms of this order and addendum may subject me to a fine, more restrictive release conditions, detention, criminal prosecution, and/or revocation of my employment authorization document.

_____        x _Carlos Bais Torriente_        _9 November 2005_
(Signature of ICE official serving order)   (Signature of alien)                (date)

Please note that all references in this order/addendum to "INS" or "Service" should now be considered to refer to U.S. Immigration and Customs Enforcement (ICE).

Updated 4/25/2005

**U.S. Department of Homeland Security**
**Immigration and Customs Enforcement**

Continuation Page for Form: I-220B

Alien's Name: Carlos BARO-Torriente

File Number: A22 771 872

*Carlos Baró torriente*
Alien's Signature

**Alien's Address**
C/O Young's Residence
774 Bushwick Avenue
Brooklyn, NY 11221
POC: Ms. Joy Young

Alien's Telephone Number (if any)
(718) 455-0616

RIGHT INDEX PRINT

## PERSONAL REPORT RECORD

| DATE | OFFICER | COMMENT/CHANGES |
|------|---------|-----------------|
|      |         |                 |

Signature | Title