UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CARLOS BARO TORRIENT,         )
                                         )
        Petitioner,         )
                                         )
v.                            )
                                       )      CIVIL ACTION NO:
                                       )      05-11772-NMG
UNITED STATES OF AMERICA,     )
IMMIGRATION AND          )
NATURALIZATION, ICE,       )
FMC DEVENS WARDEN DAVID  )
WINN,                         )
        Respondents.      )

**RESPONDENT'S MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS
THE INSTANT ACTION AS MOOT**

**Facts and Procedural History**

On August 26, 2005, the Petitioner, a Mariel Cuban,[1] filed the instant petition arguing

solely that his continued detention was in contravention of law in light of the Supreme Court's

decision in Clark v. Martinez, 125 S.Ct. 716 (2005).[2]  See also, Habeas Petition.

_____

[1]In 1980, approximately 120,000 Cubans left the Mariel harbor in Cuba and crossed to
the United States by boat.  See, e.g., Rosales-Garcia v. Holland, 322 F.3d 386, 390-91 (6th Cir.
2003).  The INS detained the aliens at the border and decided to exclude them from entry into
the United States.  After this initial detention, Petitioner, like other Mariel Cubans, was granted
conditional parole into the United States and released by the INS under § 212(d)(5) of the
Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(d)(5)(A), which authorizes the
Attorney General in his discretion to parole into the United States any alien who is applying for
admission to the United States.
        This parole is not to be "regarded as an admission," 8 U.S.C. § 1182(d)(5)(A), and
Petitioner is "legally considered to be detained at the border and hence as never having effected
entry into this country."  Sierra v. INS, 258 F.3d 1213, 1218 (10th Cir. 2001).  Petitioner does not
challenge this status.

[2]In Clark, the Supreme Court concluded that the holding of Zadvydas v. Davis, 533 U.S.
678 (2001), that immigration officials could not detain aliens for purposes of effecting removal
beyond a six month period in the absence of evidence that removal could be effected in the

On November 9, 2005,  the Petitioner was released on conditions.  See Notice of Release

and Conditions of Release, attached hereto as Exhibits 1 and 2.

**Argument**

**I.      Introduction**

Detention of aliens subject to an order of exclusion, as Petitioner, is governed by 8

U.S.C. § 1231.  Under that section, the Attorney General is required to detain and effect removal

of criminal aliens upon the entry of a final order of removal within 90 days.  8 U.S.C. §

1231(a)(2).  After the 90-day "removal period" ends, if the alien has not been removed, the alien

may be released subject to conditions.  8 U.S.C. § 1231(a)(3).  Subsection 1231(a)(6), however,

authorizes the Attorney General to continue to detain certain criminal aliens, or upon a finding

that the alien is "a risk to the community or unlikely to comply with the order of removal."  8

U.S.C. § 1231(a)(6).  Where an alien is detained pursuant to this section, ICE regulations provide

for periodic review. See 8 C.F.R. § 241.4.

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court considered the

government's authority to detain admitted aliens who cannot be promptly removed to their own

or a third country.  It found that the post-order detention statute at 8 U.S.C. § 1231(a)(6) was

ambiguous, which enabled it to narrowly construe the statute to contain an implicit time

limitation, and thus avoid deciding whether it violated the Constitution to indefinitely detain

former lawful permanent resident aliens with final but unenforceable deportation orders.  As

construed in Zadvydas, § 1231(a)(6) only authorized detention of admitted aliens for a period

reasonably necessary to remove them -- presumptively six months absent evidence to show that

_____

reasonably foreseeable future, extended to aliens such as petitioner who had not been admitted to
the United States.

deportation is likely to occur in the reasonably foreseeable future beyond that time.  See

Zadvydas, 533 U.S. at 696-99, 701.

The Zadvydas majority reserved the question with respect to unadmitted or excludable

aliens who, like Hernandez, never "gained initial admission to this country," which "would

present a very different question."  Zadvydas, 533 U.S. at 682.  In Clark v. Suarez-Martinez, 125

S.Ct. 716 (2005), however, the Court held that, while the question presented by such aliens is

different, and while § 1231(a)(6) is susceptible to different interpretations, the same statute can

only have one meaning.  Therefore, the same construction adopted in Zadvydas applies to both

admitted and unadmitted aliens who are subject to detention under 8 U.S.C. § 1231(a)(6) after

the removal period in § 1231(a)(1) expires.  Id. at 723 ("because the statutory text provides for

no distinction between admitted and nonadmitted aliens, we find that it results in the same

answer").

**B.      Petitioner's Release on Conditions Moots The Instant Claim**

Petitioner filed the instant petition seeking release from continued detention arguing that

further detention was not authorized under 8 U.S.C. § 1231 as interpreted by the Supreme Court

in Zadvydas and Clark. Since Petitioner has been released, there is no further relief available and

the claim is moot.

Habeas exists "to enforce the right of personal liberty; when that right is denied and a

person confined, the federal court has the power to release him. *Indeed, it has no other power; . .*

*. it can act only on the body of the petitioner*." Fay v. Noia, 372 U.S. 391, 430-31 (1963)

(emphasis added); Allen v. McCurry, 449 U.S. 90, 98 n. 12 (1980) (noting that the "unique

purpose of habeas corpus" is "to release the applicant for the writ from unlawful confinement").[1]

No further or different relief is available to Petitioner under either the Supreme Court's decisions

in Zadvydas or Clark. Quite simply, where the Court's power is limited to ordering the release

from allegedly unlawful custody, no meaningful relief may be granted to an individual already

released. See Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990) ("To invoke the jurisdiction

of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable

to the defendant and likely to be redressed by a favorable judicial decision."); see also, Blanco

v. United States, 2005 WL 112667 (E.D. Kent. 2005) (release moots Zadvydas claim of Mariel

Cuban); Justiz-Cepero v. INS, 2004 WL 915612, *5 (N.D. Tex. 2004) ("Because the government

has reevaluated petitioner's eligibility for immigration parole, granted him such parole, and

released him from immigration detention subject to conditions of supervised release, petitioner

has already obtained all the relief that he sought in the instant action. In fact, he has obtained all

the relief to which he would have been entitled had he succeeded on the instant petition for writ

of habeas corpus."); Larose v. Ashcroft, 2004 WL 1773730 *1 (E.D. La. 2004) (same).

To the extent Petitioner may contend that the instant claim is not moot because future

custody of the Petitioner is possible, an adjudication of the alleged invalidity of past custody

would be of no assistance. The validity of future custody is both speculative and not yet ripe.

See, e.g., Suarez Tejada v. United States, 85 Fed. Appx. 711, 715 (10th Cir. 2005) ("allegations

---

[1]Although not germane to this action (as Petitioner makes no challenge to his immigration status), prior to the adoption of the REAL ID Act of 2005, district courts also possessed jurisdiction to adjudicate legal or constitutional errors in removal proceedings. Such jurisdiction no longer exists. See 8 U.S.C. § 1252(a)(5), as amended by REAL ID § 106(a)(1)(B), Pub. L. No. 109-13, 119 Stat. at 310-11. 8 U.S.C. § 1252(b)(9), as amended by REAL ID § 106(a)(2), Pub. L. No. 109-13, 119 Stat. at 3118 U.S.C. § 1252(g) as amended by REAL ID § 106(a)(3).

of potential future custody are too attenuated to satisfy the requirements of Article III.").[2]

It is far from clear that any future custody would be unlawful. The government may take a paroled alien into custody for purposes of removing him from the United States, and may detain an alien who violates the conditions of post-order release in 8 U.S.C. § 1231(a)(3). Clark, 125 S.Ct. 716, 721 n.3 (2005); Zadvydas, 533 U.S. at 695, 696, 699-700.[3] The prospect that Petitioner may unlawfully commit an act contrary to the terms of his parole does not afford him grounds for continuing to challenge his immigration detention after he was released. Spencer v. Kemna, 523 U.S. 1, 14-15 (1998) (citing inter alia City of Los Angeles v. Lyons, 461 U.S. 95, 102-03 (1983)). The courts also cannot insulate Petitioner from other unknown events, such as a change in political conditions in Cuba or other future event relative to his continued stay in this country. See Zadvydas, 533 U.S. at 695; cf. Weinstein v. Bradford, 423 U.S. 147, 149 (1975).

Any suggestion that DHS will fail to conform its conduct to law, is unfounded, and wholly insufficient reason to maintain this claim. It can be assumed that the Secretary will comply with the law, including the Supreme Court's decision in Clark, when exercising his detention and parole authority under § 1231(a)(6). See United States v. Chemical Foundation, Inc., 272 U.S. 1, 14-15 (1926) ("the presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their duties."); Kilgore Nat'l Bank v. Federal Petroleum Board, 209 F.2d 557, 560 (5th Cir. 1954) (same). Moreover, at issue in the circumstance of future detention

---

[2]The Tenth Circuit permits citation to unpublished opinions. See Tenth Circuit Rule 36.3(B).

[3]See also, Clark, 125 S.Ct. at 728 ("[A]ny alien released as a result of today's holding remains subject to the conditions of supervised release . . . And, if he fails to comply with the conditions of release, he will be subject to criminal penalties-including further detention.") (citations omitted) (O'Connor, J., concurring).

would be the legality of *that* custody, not the custody from which Petitioner has already been

released.  It is impossible for this Court to render any judgment in the present habeas action as to

the validity of potential future custody.

### Conclusion

For the reasons stated herein, the instant claim should be dismissed as moot.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Mark J. Grady
MARK J. GRADY
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA   02210
Tel. No. (617) 748-3136



*Office of Detention and Removal Operations*

U.S. Department of Homeland Security
801 I Street, NW
Washington, DC 20536

## U.S. Immigration and Customs Enforcement

A22 771 872

Carlos BARO-Torriente
C/O ICE
Boston, MA

### Release Notification

Upon review of your case, U.S. Immigration and Customs Enforcement (ICE) has concluded that you may be released from ICE custody pending your removal from the United States. This release does not affect your removal order and does not constitute an admission to the United States.

Your release will be subject to certain written conditions that will be provided to you shortly on the Order of Supervision and Addendum to the Order of Supervision forms, and by which you must abide. Arrangements have been made for you to reside with your sponsor, who is located in the Pensacola, FL area. You are also required to attend and comply with ▓▓▓▓▓▓▓▓▓▓▓▓. Your intake appointment date is scheduled for October 11, 2005 at 9:30 AM. You must also report to the local ICE DRO office weekly. A violation of one of more of these conditions, or of any local, state or federal law may result in your being taken back into custody and any bond that you may have posted being forfeited. Your release from custody is also conditioned upon your maintaining proper behavior while sponsorship and placement efforts for you are being undertaken.

Prior to your release from custody, an immigration officer may verify the sponsorship or employment offers presented during your review. Please forward any additional information regarding potential sponsoring family members or non-governmental organizations that may be willing to assist you upon release.

It is particularly important that you keep ICE advised of your address at all times. ICE will continue to make efforts to obtain your travel document that will allow the United States government to carry out your removal pursuant to your order of deportation, exclusion, or removal. In addition, you are required by law to continue to make good faith efforts to secure a travel document on your own and provide proof of your efforts to ICE. Once a travel document is obtained, you will be required to surrender to ICE for removal. You will, at that time, be given an opportunity to prepare for an orderly departure.

SEP 2 0 2005

_____
Signature of HQPDU Director/Designated Representative

_____
Date

(rev 106/05)



I ACKNOWLEDGE RECEIPT OF
THIS NOTICE *Carlos Baro Torrient*
(DATE)   NOV   9 2005

NOV 9 2005

*Office of Detention and Removal Operations*
**U.S. Department of Homeland Security**
801 I Street, NW
Washington, DC 20536

## U.S. Immigration and Customs Enforcement

Carlos BARO-Toriente
C/O DHS/ICE
John F. Kennedy Federal Building
Government Center, 17th Floor
Boston, MA 02203

A22 771 872

### Release Notification

Upon review of your case, U.S. Immigration and Customs Enforcement (ICE) has concluded that you may be released from ICE custody pending your removal from the United States. This release does not affect your removal order and does not constitute an admission to the United States.

Your release will be subject to certain written conditions that will be provided to you shortly on the Order of Supervision and Addendum to the Order of Supervision forms, and by which you must abide. Arrangements have been made for you to reside at the Young's Residence in Brooklyn, New York (NY). You are required to comply with residential placement rules and regulations. You are required to comply with Outpatient Co-occurring Disorder Treatment. Upon your release from ICE custody, you will be scheduled for an initial intake appointment at Bridge to Life, an outpatient mental health facility, in Brooklyn, NY. A violation of one of more of these conditions, or of any local, state or federal law may result in your being taken back into custody and any bond that you may have posted being forfeited. Your release from custody is also conditioned upon your maintaining proper behavior while sponsorship and placement efforts for you are being undertaken.

Prior to your release from custody, an immigration officer may verify the sponsorship or employment offers presented during your review. Please forward any additional information regarding potential sponsoring family members or non-governmental organizations that may be willing to assist you upon release.

It is particularly important that you keep ICE advised of your address at all times. ICE will continue to make efforts to obtain your travel document that will allow the United States government to carry out your removal pursuant to your order of deportation, exclusion, or removal. In addition, you are required by law to continue to make good faith efforts to secure a travel document on your own and provide proof of your efforts to ICE. Once a travel document is obtained, you will be required to surrender to ICE for removal. You will, at that time, be given an opportunity to prepare for an orderly departure.

_____ AC/CDU
Signature of HQPDU Director/Designated Representative

11-8-05
Date



(rev. 1/26/05)

Decision of Post Order Custody Review — Release
Carlos BARO-Toriente                                    A22 771 872
Page 2

---

## PROOF OF SERVICE

(1)    Personal Service (Officer to complete both (a) and (b) below.)

   (a)    I _Francisco Estevez_ , _IEA_

                       Name of ICE Officer                Title

certify that I served _Carlos Baro Toriente_ with a co[py of]

this document at _S. Bay_       on _11/9/05_ , at _4:25 p[m]_

              Institution                 Date               Time

   (b)    I certify that I served the custodian _____

                                   Name of Official

_____ , at _____ , on

     Title                     Institution

_____ with a copy of this document.

     Date

## OR

(2)    Service by certified mail, return receipt.  (Attach copy of receipt)

    I _____ , _____ , certify

           Name of ICE Officer                Title

that I served _____ and the custodian _____

          Name of detainee                Name of Official

with a copy of this document by certified mail at _____ on _____ .

                                    Institution               Date

( ) cc: Attorney of Record or Designated Representative
( ) cc: A-File

U.S. Department of Homeland Security

Immigration and Customs Enforcement

**Order of Supervision**

File No: A22 771 872

Date: _____

Name: _Carlos BARO-Toriente_____

on __September 14, 2000_____, you were ordered:
    (Date of final order)

    [ ]  Excluded or deported pursuant to proceedings commenced prior to April 1, 1997.
    [X]  Removed pursuant to proceedings commenced on or after April 1, 1997.

Because the Service has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions:

[X]  That you appear in person at the time and place specified, upon each and every request of the Service, for identification and for deportation or removal.

[X]  That upon request of the Service, you appear for medical or psychiatric examination at the expense of the United States Government.

[X]  That you provide information under oath about your nationality, circumstances, habits, associations, and activities and such other information as the Service considers appropriate.

[X]  That you do not travel outside _____the States of Massachusetts and New York____ for more than 48 hours without first having notified this Service office of the dates and places of such proposed travel.

[X]  That you furnish written notice to this Service office of any change of residence or employment within 48 hours of such change.

[X]  That you report in person on the **AS DIRECTED BY YOUR DEPORTATION OFFICER** · to this Service office at: (Deportation Section) 26 Federal Plaza in New York, NY 10278 (212)264-3972 unless you are granted written permission to report on another date.

[X]  That you assist the Immigration and Customs Enforcement in obtaining any necessary travel documents.

[ ]  Other: __.

[X]  See attached sheet containing other specified conditions (Continue on separate sheet if required)

_____
(Signature of ICE official)

_Beth Sansone_  _Deportation Officer_
(Print name and title of ICE official)

---

**Alien's Acknowledgment of Conditions of Release under an Order of Supervision**

English/SPANISH·

I hereby acknowledge that I have (read) (had interpreted and explained to me in the _____ language) the contents of this order, a copy of which has been given to me. I understand that failure to comply with the terms of this order may subject me to a fine, detention, or prosecution.

_____        _Carlos Baro Torriente_____        NOV 9 2005
(Signature of INS official serving order)        (Signature of alien)        Date

Form I-220B

Nov-15-05   01:39pm   From-

U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement

**Order of Supervision Addendum**

File No: A22 771 872
Date:_____

Name:___Carlos BARO-Toriente_____

[X] That you do not associate with criminals or members of a gang that is known to be involved in criminal activity.

[ ] That you register in a substance abuse program within 14 days and provide Immigration and Customs Enforcement (ICE) with written proof of such within 30 days. The proof must include the name, address, duration, and objectives of the program as well as the name of a program counselor.

[ ] That you register in a sexual deviancy counseling program within 14 days and provide ICE with written proof of such within 30 days. You must provide ICE with the name of the program, the address of the program, the duration and objectives of the program, and the name of a program counselor.

[ ] That you register as a sex offender, if applicable, within 7 days of being released, with the appropriate agency/agencies and provide ICE with written proof of such registration within 10 days.

[X] That you do not commit any crimes or be associated with any criminal activity while on this Order of Supervision.

[ ] That you report to a parole or probation officer as required within 5 business days and provide ICE with written verification of the officer's name, address, telephone number, and reporting requirements.

[ ] You must follow all reporting and supervision requirements as mandated by the parole or probation officer.

[X] That you continue to follow any prescribed doctor's orders whether medical or psychological, including taking prescribed medications.

[X] That you make good faith and timely efforts to obtain a travel document and assist ICE in obtaining a travel document.

[ ] That you submit a complete application for a travel document to all appropriate Embassies or Consulates, including those representing the countries of _____. You must present ICE with evidence that each Embassy or Consulate to which you apply has received your request and all required documents. This may be done, for example, by mailing your application(s) with a request for return receipt and providing the signed return receipt to ICE, by obtaining a tracking number when you mail your application(s) and providing the number to ICE, or by submitting written confirmation of receipt issued by the Embassy or Consulate.

[ ] That you submit your application(s) for a travel document to all appropriate Embassies or Consulates and provide proof of receipt to ICE on or before _____.

[ ] That you provide ICE a copy of your application(s) for a travel document that you submit to any Embassy or Consulate, including all supporting documents, photos, and other items provided to the Embassy or Consulate to support your application(s).

nationality and/or citizenship or elsewhere, and your past residences, schools attended, etc.

[X] You will participate in a supervised release program, as described in the attached document. You will comply with the rules and requirements of this program, and cooperate with its administrators.

I agree to comply with the rules, requirements, and administrators in the supervised release program described in the attached document.

Alien's signature X _Carlos Bais Torrient_    Date _9 November 2005_

[X] Other: Arrangements have been made for you to reside at the Young's Residence in Brooklyn, New York (NY). You are required to comply with residential placement rules and regulations. You are required to comply with Outpatient Co-occurring Disorder Treatment. Upon your release from ICE custody, you will be scheduled for an initial intake appointment at Bridge to Life, an outpatient mental health facility, in Brooklyn, NY. Upon completion of the appointment at Bridge to Life, you are required to comply with recommended treatment plans.

Any violation of any of the above conditions may result in a fine, more restrictive release conditions, return to detention, criminal prosecution, and/or revocation of your employment authorization document.

---

### Alien's Acknowledgement of Conditions of Release under an Order of Supervision

I hereby acknowledge that I have (read) (had interpreted and explained to me in the _____ language) the contents of this order and addendum, a copy of which has been given to me. I understand that failure to comply with the terms of this order and addendum may subject me to a fine, more restrictive release conditions, detention, criminal prosecution, and/or revocation of my employment authorization document.

_____    X _Carlos Bais Torrient_    _9 November 200_
(Signature of ICE official serving order)    (Signature of alien)    (date)

Please note that all references in this order/addendum to "INS" or "Service" should now be considered to refer to U.S. Immigration and Customs Enforcement (ICE).

Updated 4/25/2005

Nov-15-05   01:40pm   From-    T-671   P.001/001   F-273

**U.S. Department of Homeland Security**
**Immigration and Customs Enforcement**

Continuation Page for Form:    I-220B

A Number
Carlos BARO-Toriente

File Number
A22 771 872

Note

X  *Carlos Baro torriente*
        Alien's Signature

**Alien's Address**

C/O Young's Residence

774 Bushwick Avenue

Brooklyn, NY 11221

POC: Ms. Joy Young

**Alien's Telephone Number (if any)**

(718) 455-0616

**RIGHT INDEX PRINT**

## PERSONAL REPORT RECORD

| DATE | OFFICER | COMMENT/CHANGES |
|------|---------|-----------------|
|      |         |                 |

Signature                                      Title

Nov-15-05   01:40pm